United States District Court
Southern District of Texas
**ENTERED**
November 13, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **YING SU,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:26-CV-01868** |
| | § | |
| **WARDEN / FACILITY** | § | |
| **ADMINISTRATOR, *et al.*,** | § | |
| **Respondents.** | § | |

# ORDER

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1). Petitioner challenges her continued detention in federal immigration custody.

Upon review of the Petition, the Court has identified that Petitioner previously filed a habeas petition asserting nearly the same factual allegations and identical legal claims. The only factual difference in the two petitions is Petitioner's representation that she has been ordered removed by an Immigration Judge, but Petitioner filed an appeal of that decision with the Board of Immigration Appeals. (Dkt. No. 1 at 5). That appeal remains pending. (*Id.*).

On August 10, 2026, Petitioner filed a habeas petition pro se. *Su v. Perez*, No. 5:26-CV-01414, Dkt. No. 1 (S.D. Tex. Aug. 10, 2026). The Court determined that Petitioner, detained under 8 U.S.C. § 1226(a), had received the individualized bond hearing required by the statute and was denied bond because she was a flight risk. *Su v. Perez*, No. 5:26-CV-01414, Dkt. No. 10 (S.D. Tex. Sept. 8, 2026). Further, the Court determined that 8 U.S.C. § 1226(e) deprived it of jurisdiction to review the Immigration Judge's discretionary decision to deny Petitioner bond. *Id.* The Court denied Petitioner's petition without prejudice. *Id.*

When a duplicate habeas petition is filed alleging "substantially the same facts arising from a common series of events," the later-filed petition should ordinarily be dismissed. *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993) ("Ordinarily . . . the district court confronted with the later-filed action should dismiss it in favor of the case

that was filed earlier."); *see*, *e.g.*, *Li v. Noem*, No. 5:26-CV-474, slip op. at 2 (S.D. Tex. Mar. 31, 2026) (dismissing the later-filed immigration habeas petition as duplicative).

Here, Petitioner's petition in 5:26-CV-01868 asserts nearly the same facts as the petition filed in this action and identical legal claims. (*See* Dkt. No. 1); *see Su v. Perez*, No. 5:26-CV-01414, Dkt. No. 1 (S.D. Tex. Aug. 10, 2026). The only new fact in 5:26-CV-01868 is that Petitioner has now been ordered removed by an Immigration Judge, and she has appealed that decision to the Board of Immigration Appeals. (*See* Dkt. No. 1). Petitioner's order of removal is not final while her appeal remains pending before the Board of Immigration Appeals. As such, Petitioner is still detained pursuant to 8 U.S.C. § 1226(a) in the present action. Petitioner's claims remain the same as the claims this Court evaluated in 5:26-CV-01414. This action was filed after the petition in 5:26-CV-01414.

Accordingly, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1), is **DISMISSED without prejudice**. All other relief requested by Petitioner is **DENIED**.

The Clerk of Court is **DIRECTED** to terminate this civil action.

The Clerk is further **DIRECTED** to mail this Order to Petitioner, by regular mail and any receipted means, at his address on file with the Court.

It is so **ORDERED**.

**SIGNED** on November 13, 2026.

John A. Kazen
United States District Judge